UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 12-02998 SJO (SHx) | **DATE:** May 14, 2012 |
| **TITLE:** Screen Actors Guild, Inc. v. Motocross the Movie, LLC | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PETITIONER:**             **COUNSEL PRESENT FOR RESPONDENT:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS:** ORDER GRANTING PETITIONER'S MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT IN CONFORMITY THEREWITH [Docket No. 1]

This matter comes before the Court on Petitioner Screen Actors Guild, Inc.'s ("SAG" or "Petitioner") Motion for Order Confirming Arbitration Award and for Entry of Judgment in Conformity Therewith ("Motion"), filed April 5, 2012. Respondent Motocross the Movie, LLC ("Respondent" or "Motocross") has not filed an Opposition. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 21, 2012. *See* Fed. R. Civ. P. 78(b). For the following reasons, Petitioner's Motion is GRANTED.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Petitioner SAG is a labor organization representing actors in the entertainment industry. (Mot. 4.) In 2004, Respondent Motocross and Petitioner executed a SAG Theatrical Adherence Letter (the "Adherence Letter") in connection with the theatrical motion picture *Supercross* (the "Picture"). The Adherence Letter bound Respondent to the terms of a collective bargaining agreement, the Screen Actors Guild Codified Basic Agreement of 1995 for Independent Producers, the 1998 Memorandum of Agreement, and the 2001 Memorandum of Agreement (collectively, the "Basic Agreement"). (Mot. 4.) Respondent also executed a Security Agreement in favor of SAG to secure the performance of Respondent's obligations under the Basic Agreement with respect to the Picture, including payment obligations to SAG members. (Mot. 4.)

Pursuant to the terms of the Adherence Letter, the Basic Agreement, and the Security Agreement, Respondent produced the Picture using SAG actors or other performers covered by the agreements, including performer Kenny Bertram ("Bertram"). (Mot. 4-5.) Under Section 31(B) of the General Provisions of the Basic Agreement Respondent was required to pay Bertram his agreed-upon compensation in a timely manner and to pay liquidated damages for any late payment. (Mot. 5.) Respondent failed to compensate Bertram in a timely manner and did not pay any late payment liquidated damages. (Mot. 5.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 12-02998 SJO (SHx)     **DATE:** May 14, 2012

On October 11, 2006, pursuant to the arbitration provisions of the Basic Agreement, SAG initiated arbitration proceedings against Motocross for failure to pay Bertram late payment liquidated damages. (Mot. 5.) An arbitration hearing was held on February 25, 2008. Motocross neither appeared at the hearing nor sought a continuance, and the arbitrator issued an award in favor of SAG ("Award") on April 7, 2008. (Mot. 5-6.)

The Award provides that: (1) Motocross must pay SAG late payment liquidated damages of $3110; (2) "[p]ursuant to the provisions of the Security Agreement, SAG is granted an assignment of [Motocross]'s accounts receivable from the distribution, exhibition, exploitation or other use of the Picture anywhere in the world until the amounts due are paid in full"; (3) "SAG is authorized to engage in any of the remedial actions provided for in the Security Agreement"; and (4) "[t]he parties are to split the $800 fee of the Arbitrator." (Mot. 6; Mot. Ex. F ("Award"), at 2.) To date, Respondent has not satisfied the Award. (Aguirre Decl. ¶ 14.) Petitioner now seeks a Court order confirming the Award and entering judgment in accordance with the Award, pursuant to section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).[1] Additionally, Petitioner seeks an award of attorney's fees and costs incurred in filing the instant Motion.

II.    DISCUSSION

     A.    Timeliness

"There is no federal statute of limitations directly applicable to [section] 301. In such situations, courts usually borrow the most closely analogous statute of limitations under state law." *Sheet Metal Workers Int'l Ass'n, Local Union 150 v. Air Sys. Eng'g, Inc.*, 831 F.2d 1509, 1511 (9th Cir. 1987) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983)). Under California law "[a] petition to confirm an [arbitration] award shall be served and filed not later than four years after the date of service of a signed copy of the award on the petitioner." Cal. Code Civ. Proc. § 1288. The instant Motion was filed on April 5, 2012, which falls within four years after the April 7, 2008 issuance of the Award. Accordingly, the Court is satisfied that the Motion is timely.

     B.    Motocross's Failure to Oppose

"The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. For nearly four years, Motocross has failed to comply with the Award. (Aguirre Decl. ¶ 14.) Following this pattern of non-responsiveness, Motocross has failed to oppose the instant Motion despite being properly noticed. (Proof of Service, ECF No. 4; *see* Aguirre Decl. ¶ 15.) Accordingly, the Court exercises its discretion and construes Motocross's failure to file an Opposition as its consent to the granting

---

[1] Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or . . . the citizenship of the parties."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 12-02998 SJO (SHx)          DATE: May 14, 2012

of the Motion. (See L.R. 7-12.) In addition, as explained below, the Motion should be granted on the merits, regardless of Motocross's failure to oppose.

      C.    Request for Confirmation of Arbitration Award

District courts have jurisdiction under section 301 to confirm a "final and binding arbitration award." *Sheet Metal Workers' Int'l Ass'n, Local 206 v. R.K. Burner Sheet Metal, Inc.*, 859 F.2d 758, 760 (9th Cir. 1988). An arbitration award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Where a court has before it a motion to confirm an arbitration award and the non-moving party has failed to respond, the motion should be treated as an unopposed motion for summary judgment based on the moving party's submissions. *Id*. at 109. Accordingly, if the moving party is able to demonstrate the absence of a genuine issue of material fact, *see Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-50 (1986), the arbitration award must be confirmed. "[I]n determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts resolved in favor of the arbitrator's authority." *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 429 (9th Cir. 1983)
In support of its Motion, Petitioner has provided the Court with a copy of the relevant portions of the Basic Agreement governing the arbitrated dispute. The Basic Agreement expressly provides that the arbitrator's award "shall be final and binding" on the parties to the proceeding. (Mot. Ex. B § 9(E)(6).) The Basic Agreement also provides that the costs and expenses of any arbitration shall be shared equally by SAG and Motocross. (Mot. Ex. B § 9(E)(5).) Petitioner has also provided a copy of the Award, which includes a finding that Motocross failed to pay Bertram in a timely manner, resulting in late payment liquidated damages becoming due under the payment provisions of the Basic Agreement. (Award 1.)

"Courts are bound to defer to the conclusions of the arbitrator unless the arbitrator has manifestly disregarded the law." *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1284 (9th Cir. 1982). Here, the Court finds that the arbitrator acted within her authority in issuing the Award. Because Respondent has failed to offer any evidence that would warrant a conclusion to the contrary - at either the arbitration hearing or in response to this Motion - Petitioner has met its burden to show that no material facts are disputed and that the arbitration award should be confirmed. Accordingly, the Court GRANTS Petitioners' Motion to confirm the Award.

      D.    Request for Attorney Fees and Costs

"A court may assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *W. Indus. Maint.*, 707 F.2d at 428 (internal quotation marks omitted). Where a party refuses to comply with an arbitrator's award "without justification," such refusal amounts to an act taken "in bad faith, vexatiously, or for oppressive reasons," and an award of attorney fees is proper. *Id*.; *see also Fed'n of Agents & Int'l Representatives v. United Food & Commercial Workers Union, Local 101*, 8 F. App'x 737, 740 (9th Cir. 2001).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 12-02998 SJO (SHx)     **DATE:** May 14, 2012

Respondent's "unjustified refusal to abide by the [Award]," coupled with its failure to file an Opposition to the instant Motion, constitutes "an act taken in bad faith." See W. Indus. Maint., 707 F.2d at 428. In preparing the instant Motion, SAG attorney Rachael Aguirre billed eight hours at a rate of $400 an hour. (Aguirre Decl. ¶ 20.) Based on its own knowledge of hourly rates in the Los Angeles legal community, the Court finds that an hourly rate of $400 is reasonable, and that one full work day is a reasonable amount of time to have spent preparing the Motion. Accordingly, the Court GRANTS Petitioner's request for attorney fees and costs and awards SAG $3200 in attorney's fees and $350 in costs, totaling $3550, for the preparation and filing of the Motion.

III.    RULING

For the foregoing reasons, the Court GRANTS Petitioner's Motion and enters judgment in favor of SAG. Motocross is ORDERED to pay SAG a total of $7060, consisting of $3110 in late payment liquidated damages and $400 in arbitration fees in accordance with the terms of the Award, as well as $3550 in attorney's fees and filing fees related to this Motion.

IT IS SO ORDERED.